# EXHIBIT 10
Proposed Order

Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135
Email: bcloveland@bhfs.com
       chumes@bhfs.com
       wnobriga@bhfs.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND; BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 VACATION TRUST FUND<br><br>Plaintiffs,<br><br>v.<br><br>ARATA EXPOSITIONS, INC., a Maryland corporation; AE I & D, LLC, a Maryland limited liability company,,<br><br>Defendants. | CASE NO.: 2:24-cv-00960-JCM-NJK<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiffs', the Boards of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and Teamsters Convention Industry Training Fund (collectively referred to as the "Trust Funds") request for entry of Default Judgment against Arata Expositions, Inc. ("Arata") and AE I & D, LLC ("AE I & D"). Default having been entered against Defendants, the Court having reviewed the Plaintiffs' Motion, being fully advised, and good cause appearing, the Court now makes the following findings of facts and conclusions of law.

31379203.1                                    1

## I. Findings of fact.

1. Plaintiffs are the Trust Funds and are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500.

2. Arata Expositions, Inc. and AE I & D, LLC acted as employers within the State of Nevada employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement ("CBA") between Arata and the International Brotherhood of Teamsters Local 631 ("Union").

3. The CBA requires Arata and AE I & D to make employee benefit contributions to the Trust Funds on behalf of its Covered Employees.

4. The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

5. The Trust Funds are established by Trust Agreements ("Trust Agreements").

6. Under ERISA and the Trust Agreements, Arata is obligated to make their books and records available for a contract compliance review ("Audit").

7. Arata and AE I & D have failed to adequately respond to the Trust Funds' requests to make their books and records available for an Audit, by failing to provide all of the needed documents to complete the Audit.

8. The Trust Funds' governing documents provide that if Arata and AE I & D fail to make their books and records available for an Audit, the Trust Funds are permitted to presume contributions in the amount of $100,000 for each year covered by the attempted audit.

9. The Trust Funds have repeatedly requested that Arata and AE I & D make their books and records available for an Audit as required by ERISA and the Trust Agreements.

10. Arata and AE I & D have repeatedly refused to make their books and records sufficiently available for the Trust Funds to conduct an Audit.

11. Arata and AE I & D, therefore, is presumed to have failed to meet their obligations to remit employee benefit contributions to the Trust Funds as set forth in the CBA and Trust Agreements, and as required by 29 U.S.C. § 1145.

12. As a result of their delinquencies, Arata and AE I & D are liable to the Trust Funds for unpaid contributions, interest, liquidated damages, and attorneys' fees.

**II.     Conclusions of Law.**

1. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

2. Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

3. As to the first factor, the Trust Funds will suffer prejudice if default judgment is not entered because they "will likely be without other recourse for recovery if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (*citing Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F.Supp.3d 1308, 1318 (D. Nev. July 8, 2013)) (internal quotation marks omitted). Defendants have failed to meet their obligations to remit employee benefit contributions and have failed to participate in both of their respective audits. Both employers also refused to participate or otherwise defend themselves in this action as required by relevant case law. Therefore, because the Trust Funds will have no recourse against them unless default judgment is granted, the first *Eitel* factor favors the entry of default judgment.

4. The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471–72. The undisputed facts in this case demonstrate that both

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

31379203.1                                                    3

employers failed to meet their obligations to provide requested documents as required under the CBAs and Trust Agreements to which Defendants are bound. As a result, both employers are liable to the Trust Funds for unpaid contributions, interest, liquidated damages, and attorneys' fees. *See* 29 U.S.C. § 1132(g)(2). As discussed in Part II(A) herein, as a result of having default entered against them, both employers have admitted these facts, which should be taken as true. The second and third *Eitel* factors favor the entry of default judgment.

5.   The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on an the Trust Funds' governing documents and the calculations performed within the Motion for Default Judgment. Moreover, the damages in this case are also dictated by statute. ERISA states that, in cases like this one, courts shall award unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and the costs of the action, and other legal or equitable relief that the court determines appropriate. 29 U.S.C. § 1132(g)(2). This factor also favors the entry of default judgment.

6.   Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because both employers have had a default entered against them, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

7.   The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. The Complaint was filed on May 23, 2024 *See* ECF No. 1. A Summons was issued to both employers on the same day. *See* ECF No. 3. On July 30, 2024, the registered agent of both employers accepted service of the Complaint. *See* ECF Nos. 4 and 5. Despite this service, neither employer filed an Answer. The Trust Funds were then forced to file Motions for Entry of Clerk's Default on September 5, 2024. *See* ECF Nos. 6 and 7. Both employers again failed to respond, which led to their failure to adequately plead or otherwise defend the suit, resulting in the entry of default on September 24, 2024. *See* ECF No. 8. In short, there is no evidence that either employer's default

31379203.1                                                       4

was the result of excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

8.  The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). "Thus, the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (*citing Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)) (internal quotation marks omitted). The Trust Funds have no recourse to obtain relief other than bringing this suit. Therefore, this factor also weighs in favor of the entry of a default judgment.

9.  The damages set forth by the Trust Funds' and their corresponding calculations are supported by the Trust Agreements, the Trust Funds' Collection Policy, and 29 U.S.C. 1132(g)(2).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

31379203.1                              5

**IT IS HEREBY ORDERED** that judgment is entered against Defendant Arata for delinquent employee benefit contributions ($349,986), liquidated damages ($184,266), interest ($184,266), audit fees ($480) and attorneys' fees ($11,721) for a total of **$730,719**. Post-judgment interest shall be set at 18%, in accordance with the Trust Funds' Collection Policies and Procedures.

**IT IS FURTHER ORDERED** that judgment is entered against Defendant AE I & D, LLC for delinquent employee benefit contributions ($524,979), liquidated damages ($406,426), interest ($406,426), audit fees ($375) and attorneys' fees ($11,721) for a total of **$1,349,927**. Post-judgment interest shall be set at 18%, in accordance with the Trust Funds' Collection Policies and Procedures.

DATED May 21, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted by:
BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
*Attorneys for Plaintiffs*

31379203.1                                6