UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BOARD OF TRUSTEES OF THE
TEAMSTERS LOCAL 631 SECURITY
FUND FOR SOUTHERN NEVADA;
BOARD OF TRUSTEES OF THE
TEAMSTERS CONVENTION
INDUSTRY TRAINING FUND;
BOARD OF TRUSTEES OF THE
TEAMSTERS LOCAL 631 VACATION
TRUST FUND,

          Plaintiffs,

    v.

ARATA EXPOSITIONS, INC., a Maryland
corporation; AE I & D, LLC, a Maryland
limited liability company,

          Defendants.

Case No. 2:24-cv-00960-JCM-NJK

**ORDER**

On May 21, 2025, this court granted plaintiffs Board of Trustees of the Teamsters Local 631 Security Fund for the Southern Nevada, Board of Trustees of the Teamsters Convention Industry Training Fund, and Board of Trustees Teamsters Local 631 Vacation Trust Fund's motion for default judgment. (ECF No. 10). Defendants Arata Expositions, Inc. ("Arata") and AE I & D, LLC ("AE") now move to set aside the default judgment against them. (ECF No. 22). The plaintiffs filed a response (ECF No. 23), to which the defendants replied (ECF No. 24).

Also before the court is defendants' motion for leave to file document. (ECF No. 25). Plaintiffs filed a response (ECF No. 27).

**I.    Background**

The plaintiffs are "employee benefit trust funds" and fiduciaries under the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 1 ¶ 2). They provide or have provided benefits to individuals employed by defendants Arata and AE. (*Id.* ¶ 6).

The employees were covered by a collected bargaining agreement between Arata or AE and the Southern Nevada Teamsters Local 631. (ECF No. 1 ¶¶ 3–4). Under the collective bargaining

1

agreement ("CBA"), defendants were required to make employee benefit contributions to the plaintiffs on behalf of their covered employees. (*Id.* ¶ 5).

Plaintiffs are established by trust agreements. (*Id.* ¶ 7). Under the ERISA and Trust Agreements, defendants are or were obligated to make their books and records available for a contract compliance review (hereinafter, "audit"). (*Id.* ¶ 8). Plaintiffs brought claims against defendants for their failure to respond to requests to make their books and records available and for failing to make the employee benefit contributions required by the CBA and Trust Agreements. (*Id.* ¶¶ 5, 9–10).

Before initiating this lawsuit, plaintiffs sent defendants several demand letters requesting the production of their books and records and warning them that the trust funds may file suit without further notice. (ECF No. 27, Ex. 1).

Plaintiffs' process server returned a signed affidavit stating that she served the defendants through their registered agent, Ms. Alison Himes, in Maryland on July 30, 2024, at 15928 Tournament Dr., Gaithersburg, MD 20877. (ECF Nos. 4, 5); (ECF No. 27-2, Ex. 1). Ms. Himes claims that she was not present at 15928 Tournament Drive on July 30, 2024, because it was a Tuesday and she generally worked from home on that day of the week. (ECF No. 22-1, Exhibit A). In support, she provided self-serving affidavits from herself and Tom Arata, the Executive Vice President of Arata, as well as screenshots and an email concerning pick up of a package from the front porch of her home that day. (*Id.*).

After defendants did not respond to the complaint, plaintiffs requested—and were granted—entry of default. (ECF No. 8). The court granted default judgment on May 21, 2025 (ECF No. 10). Plaintiffs subsequently moved for and were granted a writ of execution to enforce the judgment. After they served the court's order granting their motion to compel post-judgment discovery on the defendants, the defendants moved to set aside the default judgment.

## II.    Legal Standard

The court may aside a default judgment under the standard set forth in Rule 60(b). *See* Fed. R. Civ. P 55(c). Granting relief from default judgment under Rule 60(b) is within the discretion of

2

the court. *See* Fed. R. Civ. P. 60(b); *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111–12 (9th Cir. 2011).

Rule 60(b) provides in part, "the court may relief a party . . . from a final judgment . . . for the following reasons: (1) mistake inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void . . . (6) any other reason that justifies relief." "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Relief under Rule 60(b)(6) requires extraordinary circumstances and has been granted sparingly as an equitable remedy to prevent manifest injustice. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006); *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047 (9th Cir. 1993).

In evaluating a Rule 60(b) motion to vacate a default judgment, the court applies the same "good cause" standard governing an entry of default under Rule 55(c). *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). In determining the presence of good cause, the court considers three factors articulated by the Ninth Circuit in *Falk v. Allen*: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. *Id.* at 925–26; *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984). "The court may refuse to set aside default if it holds any one of the three factors is true." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

**III.    Discussion**

A. <u>Service of Process</u>

In their motion, defendants argue that the default judgment should be set aside as void for lack of personal jurisdiction under Rule 60(b)(4) because the plaintiffs never properly served the defendants. (ECF No. 22 at 8–9). "[A] defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bring the motion until after entry of default judgment, bears the burden of proving that service did not occur." *SEC v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). "A

3

signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Id.* (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)) (internal citations and quotations omitted).

Defendants have since conceded that the issue of personal jurisdiction was resolved in a recent decision in a related case from the District of Maryland, *Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada, et al. v. Arata Expositions, Inc., et al.*, No. JRR-26-00147. (ECF No. 22 at 3); (*Id.* at Ex. 1 at 86–91). Our sister court found, considering the evidence provided and the presumption that the process server's affidavits are valid, that service on the defendants' registered agent occurred. (ECF No. 25 at 3); (ECF No. 25-1, Ex. 1 at 88–90).

Having reviewed the Maryland transcript, relevant exhibits, and the parties' briefings, this court agrees that service on the defendants was effectuated. The sworn affidavits contradict defendants' assertion that service of process did not occur, and, moreover, the process servers' testimony as to that day is credible. (ECF No. 25-1, Ex. 1). *See Internet Sols. for Bus.*, 509 F.3d at 1165. Defendants' self-serving testimony, text messages, and emails (which do not clearly establish that she was at home on the day of service) do not overcome the presumption of service.

B. Extraordinary Circumstances

Defendants briefly mention 60(b)(6) as a potential basis for relief. However, they do not point to any "extraordinary circumstances" that would compel this court to set aside this judgment. *See Latshaw*, 452 F.3d at 1103.

C. Good Cause

Finally, the court considers whether good cause exists to set aside the judgment.

*1. Defendants Engaged in Culpable Conduct.*

The general rule is that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). A defendant's conduct is culpable where there "is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Where a party is legally sophisticated, intention may be presumed. Other courts have found a defendant to be "legally sophisticated" where the defendant was a lawyer, was represented at the time of default, or has been involved in prior legal proceedings. *See Direct Mail Specialists*, *Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (defendant was "a lawyer presumably . . . well aware of the dangers of ignoring service of process"); *Harrington v. Tackett*, 3:18-cv-00028, 2018 U.S. Dist. LEXIS 70904, at *9 (D. Nev. Apr. 27, 2018).

The defendants in this case are not lawyers, there is no evidence that they were represented by counsel at the time of default,[1] and plaintiffs do not assert that the defendants have previously been sued. *See Direct Mail Specialists*, *Inc.*, 840 F.2d at 690; *Harrington*, 2018 U.S. Dist. LEXIS 70904, at *9. Moreover, it is within the court's discretion to apply the lower standard for intentionality. *See Mesle*, 615 F.3d at 1092 (holding intentionality "*may* be assumed" for legally sophisticated parties) (emphasis added). The court proceeds with applying the bad faith standard. *See TCI Group*, 244 F.3d at 697.

Defendants argue that they did not have actual notice of the litigation until December 2025, so their failure to respond could not have been intentional. This argument is unpersuasive.

First, the argument is based, in part, on lack of service of process. But defendants have been properly served and thus had actual notice of the filing of this case.

Second, prior to this litigation, defendants failed to respond to multiple demand letters sent by certified mail to the defendants regarding audit compliance. (ECF No. 27-2, Ex. 1). Defendants contend, without providing legal authority, that they could not have been on notice because the signatories to the letters were not the defendants' registered agent or another manager or officer with operational control. (ECF No. 24 at 8). The court is not persuaded that all of the demand letters, which were sent by certified mail and signed by someone at each company, were lost in the ether.

The court notes that the level of defendants' culpability may be somewhat attenuated by plaintiffs' failure to serve the motion for entry of default on the defendants. Service of this motion was required but not effectuated. *See* Fed. R. Civ. P. 5(a)(2) ("no service is required on a party who

---

[1] Plaintiffs argue that defendants "have now retained counsel" but do not explain when this occurred in relation to default.

is *in default* for failing to appear") (emphasis added); *see also Internet Sols for Bus.*, 509 F.3d at 1166 n.6 (consideration is whether "defendant had notice that *suit had been filed*") (emphasis in original).

But considering that entry of default was required due to defendants' failure to respond, the effect of the failure to serve on culpability is, at best, minimal.  *See* Fed. R. Civ. P. 55(a).

Taken in conjunction with the fact that defendants were properly served (and therefore had actual notice of the pendency of the litigation), defendants' failure to respond to any of plaintiffs' demand letters or service of the complaint indicate that defendants intended to take advantage of the plaintiffs and avoid the legal process.  This factor weighs against setting aside default judgment.

*2.   Meritorious defenses.*

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citing *TCI Grp.*, 244 F.3d at 700).  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.*  "The question of whether those factual allegations are true 'is not to be determined by the court when it decides the motion to set aside the default.'" *Id.*  "Rather, that question 'would be the subject of the later litigation.'" *Id.*

Plaintiffs asserted two claims in this action under ERISA, the CBAs, Trust Agreements, and applicable collection policy: (1) an equitable relief claim to compel the defendants' compliance with an audit; and (2) a request for monetary damages based on unpaid contributions, interest, liquidated damages, and attorneys' fees.  (ECF No. 1 at 3).

Defendants argue that they have two meritorious defenses.  First, they claim that AE has not been operational for more than ten years and thus could not possibly owe damages to plaintiffs. (ECF No. 22-1 at 2); (ECF No. 22-2 at 2); *see also* (ECF No. 25 at 62:2–5).  Plaintiffs sought audit records reaching back to 2018.  Assuming that AE has not been operational for more than ten years, the plausible inference is that they did not employ covered workers for whom they would owe contributions to the trust agreement.  Defendants raise a plausible defense that AE did not owe employee benefit contributions to plaintiff.

6

Defendants also argue that, upon review of their third-party payment processor's records of payments to unions and their affiliates, Arata has "not identified any amounts due and owing since 2021." (ECF No. 22, Ex. A ¶ 7).

But this does not respond to "plaintiffs' claim that [Arata] failed to produce its records for an audit in violation of ERISA and the parties' contract." *World Wide Exhibits, Inc.*, 770 F. Supp. 3d at 1253. Arata does not dispute that it entered into an agreement with the plaintiff trustees that it would "accept[] and agree[] to be bound by the Trust Agreement, the Plan, the rules, regulations and policies of the Trust Funds[.]" (ECF No. 9-3, Ex. 2). Arata does not argue that the Trust Agreement requires that, upon request, Arata would have to permit an audit of its books and records. (ECF Nos. 23, Exs. 4, 5).

Defendants do not attempt to dispute that they did not provide the requested audit information to plaintiffs. They do not contest that plaintiffs made "assumptions" as to the amount due along with interests and costs. Rather, their only argument is that the failure to provide audit information should not translate to a "massive monetary judgment." (ECF No. 24 at 10).

This argument does not provide a basis for the court to conceptualize a legal defense that defendant Arata could make. The trustee is indeed authorized by the collection policy to make certain contribution assumptions in the amount of $100,000 per year for each year of the audit period when an employer fails to cooperate with an audit. (*See* ECF No. 23-5, Ex. 3). Plaintiffs base their claim on the provision triggering breach, not on the amount owed. Arata does not suggest a defense would include equitable claims based on fairness of the trust agreement.

Thus, this factor weighs against setting aside default for defendant Arata, and in favor of setting aside default for defendant AE.

### 3. Defendants Haven't Shown That Plaintiffs Won't Be Prejudiced.

The third factor is whether plaintiffs will be prejudiced if the default judgment is set aside. "Prejudice exists when a 'plaintiff's ability to pursue his claim will be hindered' if the court sets aside the entry of default." *TCI Grp.*, 244 F.3d at 701. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* Delay is only prejudicial if it results in tangible harm, "such as loss of evidence, increased difficulties of discovery

or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).

"The purpose of allowing open access to an employer's books to allow for audits is to ensure that an accurate accounting of the contribution can take place." *Board of Trustees of the Teamsters Local 631 Securities Fund for Southern Nevada v. World Wide Exhibits, Inc.*, No. 2:23-cv-01469, 770 F. Supp. 3d 1245, 1254 (D. Nev. 2025), *affirmed*, 2026 U.S. App. LEXIS 14018 (9th Cir. May 15, 2026). Information is less likely to be accurate as more time elapses. Plaintiffs sought audit materials from the defendants dating back to 2018. Were the court to reopen this case, by the time that discovery could begin it would be almost nine years since that date. Defendants do not offer any assurances that Arata's discoverable materials have been maintained, nor can this court be assured from Arata's conduct that that is the case. Defendants have not shown that plaintiffs' ability to prosecute their claims against Arata will not be hindered, so this factor favors denying their motion to set aside the default judgment against Arata. *See Mesle*, 615 F.3d at 1091.

Applying the defendants' defense that AE was not operational during the audit period, and assuming it is true, it follows that AE would not have generated books and records concerning employment contributions. The risk of prejudice to the plaintiffs by reopening the case against AE is attenuated, considering the possibility that these older materials may not even exist and AE may not have been obligated to produce them, such that this factor weighs in favor of setting aside default.

In sum, all three factors weigh against setting aside default judgment entered against defendant Arata and the court therefore denies the defendants' motion in that respect.

As to defendant AE, the meritorious defense and prejudice factors weigh in favor of setting aside default. The culpability factor weighs against it. While a court may refuse to set aside default if any of the *Falk* factors is true, it is not required to do so. *See Mesle*, 615 F.3d at 1091. Here, the defense posed as to AE raises the possibility that plaintiff was never entitled to audit or receive contribution funds from AE in the first place; thus, there is a possibility that plaintiff's substantial default judgment award is an unjustly awarded windfall. On these grounds, the court finds it necessary to set aside the default and default judgment in favor of plaintiff and against AE.

**IV.   Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to set aside (ECF No. 22) be, and the same hereby is, GRANTED as to defendant AE and DENIED as to defendant Arata.  The default and default judgment against defendant AE are set aside.  The clerk of court is instructed to reopen the case against defendant AE only and reset deadlines accordingly.  Defendant AE shall have 21 days from the date of this order to serve a responsive pleading or motion.  *See* Fed. R. Civ. P. 12(a).

IT IS FURTHER ORDERED that defendant's motion for leave to file document (ECF No. 25) be, and the same hereby is, GRANTED.  The clerk of court is directed to detach Exhibit 1 to ECF No. 25 and file it on the docket.

The court CONVERTS plaintiffs' response to defendants' motion for leave to file document into a motion to supplement and, under LR 7-2(g), hereby GRANTS the request to supplement the briefing on the motion to set aside.  Exhibits 1 and 2 to ECF No. 27 shall be made part of the record.

Dated this 26th day of June, 2026.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

9